SEABOARD AIR LINE RAILWAY COMPANY, a corporation, *Plaintiff in Error,* v. JAMES N. DAYVAULT, Administrator of the estate of CHARLES E. DAYVAULT, deceased, *Defendant in Error.*

146 So. 844.

Opinion filed March 6, 1933.

*Knight, Thompson & Turner,* for Plaintiff in Error.

*Johnson, Bosarge & Allen* and *Holland & Bevis,* for Defendant in Error.

BUFORD, J.—This case is before us for review on writ of error to a judgment of the Circuit Court of Polk County procured by the defendant in error against the plaintiff in error for the wrongful death of Charles E. Dayvault.

There are eighteen assignments of error, all of which except the 18th, respectively challenge the ruling of the Circuit Court in regard to the admission or rejection of tes-

timony. We have carefully examined these assignments of error in connection with the record and we find no harmful error disclosed by any of the rulings of the Circuit Judge complained of.

The eighteenth assignment of error challenges the ruling of the trial court in denying and refusing to grant the motion for a new trial. We find no reversible error disclosed in the refusal to grant the motion for a new trial.

The record shows that Rule 103 published in a book issued effective November 16, 1924, revised October 1, 1926, and applicable to Seaboard Air Line Railway Company is as follows:

"When cars are pushed by an engine, except when shifting or making up trains in yards, a trainman must take a conspicuous position on the front of the leading car and when shifting over public crossings at grade not protected by a watchman a member of the crew must protect the crossings. This will also apply to engines moving backward."

The record further shows that the train involved in the accident here was known as the "Bartow switcher." It was used for switching cars from the Bartow yards to other yards. On this particular occasion it was shifting cars from the Bartow yard to the yard at Roux Mill. The time was late in the afternoon; in fact, it was so late that the flagman lighted his lantern before leaving Bartow and took his position near the front of the leading car. This switch engine was pushing ten flat cars and two box cars ahead of the engine and pulling some other box cars and a caboose behind the engine. In other words, the engine was going forward but was pushing twelve cars ahead of it. The accident occurred at a public crossing. The train was not running on a regular schedule, but was running extra. It was not traveling at a great rate of speed. The view from

the highway, which crossed the railroad track at that place, to the railroad was somewhat obstructed by an embankment, on top of which weeds were growing. The train crew was familiar with the crossing and with the conditions existing. There was no flagman at the crossing to protect the public. The method employed in moving this train was certainly more hazardous to the public than it would have been had the train been moved in the ordinary manner. That is, with the train of cars behind the engine. When a train is moving as this one was, the blowing of the whistle or ringing of the bell might add to the hazard rather than reduce it, because one intending to cross the railroad track ahead of the approaching train would naturally assume that the engine was the closest part of that train to them and if a person were attracted by the blowing of the whistle of an engine he might reasonably assume that the train was as far away as was the whistle and thereby be deceived as to the proximity of danger.

We think that Rule 103 above referred to required the agents of the railroad company operating a train as this train was being operated, approaching a crossing such as that here under consideration, to protect that crossing by placing a member of its crew at the crossing before attempting to pass the train over the crossing and that when those in charge of the train failed to do so they were guilty of negligence which made the company liable for damages resulting from an injury occurring at such crossing.

It may be that the deceased was guilty of some contributory negligence, but it is not apparent that the jury did not take this factor into consideration in arriving at their verdict.

Having reached this conclusion, we hold that the judgment should be affirmed on authority of the opinion, and authorities cited, in the case of Atlantic Coast Line Rail-

road Company v. Ida J. Britton, filed at this term of Court, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, and TERRELL, J. J., concur.